

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. C. Hamilton
County Auditor
Ector County
Odessa, Texas

Dear Sir:

Opinion No. 6075
Re: Disposition of surpluses
in Road Bond Sinking Funds,
under provisions of House
Bill No. 536, Chapter 116,
General and Special Laws,
Regular Session, 48th Legis-
lature when:
(1) All of the bonds and in-
terest thereon have been paid.
(2) All of the bonds and in-
terest thereon have not been
paid, but the total obliga-
tions (total bonds and in-
terest still outstanding
against said sinking fund)
are less than the assets of
said sinking fund (total amount
of cash and investments com-
bined).

We are in receipt of your letter of October 13, 1944,
requesting an opinion of this department on the above stated mat-
ters. Your letter reads as follows:

"Information is needed in this office con-
cerning the legality of the use of certain public
funds hereinafter described. It will be appre-
ciated if you will inform me concerning my rights
and duties as County Auditor under the following
circumstances.

"This county has certain funds on deposit
and other funds invested in sinking fund for the
payment of principal and interest of particular
bond issues.

"In the first instance, the bonds and all
interest thereon have been paid in full,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. C. Hamilton, County Auditor - page 2

"In the second instance, the sum of the outstanding bonds plus all interest which will become due and payable thereon to the dates of their maturities, are less than the sums available, i.e. on deposit and invested, in the sinking fund.

"It is proposed to transfer the excesses of the available balances on funds on deposit and of proceeds of investments in the two instances above described, such excesses to be made available for current use of the Road and Bridge Fund.

"As County Auditor, do I have authority under H. B. 336, 48th Legislature, as enacted, or under any other act, to approve warrants giving effect to these transfers, despite Section 839 RCS?

"Does the Commissioners' Court have authority to authorize these transfers?

"What disposition may be made of the funds described in the first instance above?"

From the information given in your letter, we understand the situation to be as follows; as to one sinking fund, all of the bonds and the interest thereon have been fully paid and a cash surplus remains in said sinking fund; as to the second instance, we understand that all of the bonds and interest have not been paid in full, but the sinking fund owns certain securities as investments and has certain cash on deposit, and that the total of the cash and investments exceeds the amount required to pay off all of the bonds and interest which are outstanding as obligations against said sinking fund. Also, we assume that in each instance the kind of bonds originally issued were Road Bonds. The conclusions in this opinion are on the basis of the assumption that the bonds issued "for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes or in aid thereof" as authorized by Article 752(a), Vernon's Annotated Civil Statutes.

We refer you to House Bill No. 336, Chapter 116, General and Special Laws of Texas, Regular Session, 48th Legislature, Article 752a, V. A. C. S., which provides:

Honorable J. C. Hamilton, County Auditor - page 3

"Section 1. Section 1 of Chapter 16, Senate Bill
No. 287, Acts of the First Called Session of the
Thirty-Ninth Legislature, is amended so as to
hereafter read as follows:

"'Section 1. Any county, or any political sub-
division of a county, or any road district that has
been or may hereafter be created by any General or
Special Law, is hereby authorized to issue bonds for
the purpose of the construction, maintenance and
operation of macadamized, graveled or paved roads
and turnpikes, or in aid thereof, in any amount
not to exceed one-fourth of the assessed valuation
of the real property of such county or political
subdivision or road district, and to levy and col-
lect ad valorem taxes to pay the interest on such
bonds and provide a sinking fund for the redemption
thereof. Such bonds shall be issued in the manner
hereinafter provided, and as contemplated and author-
ized by Section 52, of Article 3, of the Constitution
of this State. The term 'Political Subdivision,' as
used in this Act, shall be construed to mean any com-
missioner's precinct or any justice precinct of a
county, now or hereafter to be created and estab-
lished. Provided when the principal and all in-
terest on said bonds are fully paid, in the event
there is any surplus remaining in the sinking fund,
said remaining surplus not used in the full payment
of the principal and interest on said bond or bonds
may be used by the county, political subdivision of
the county, or any local district that has been or
may hereafter be created by any general or special
law for the purpose of the construction, maintenance,
and operation of macadamized, graveled or paved roads
and turnpikes or in the aid thereof as may be deter-
mined by the Commissioners Court of any county or the
officials of any political subdivision of a county
or any said road district.

In applying the provisions of this Act to the first
instance, that is when the bonds and interest thereon have
been fully paid, we find that authority is given to a county,
political subdivision of a county, or any road district to
use such surplus that remains in the sinking fund for the
purpose of the construction, maintenance, and operation of
macadamized, graveled or paved roads and turnpikes, or in aid
thereof as may be determined by the Commissioners' Court of

the County or the officials of a political subdivision or road district, when <u>all</u> the principal and <u>all</u> of the interest have been <u>fully</u> paid.

It is therefore the opinion of this department that the Commissioners' Court of Ector County is authorized to expend such surplus funds as remain in the sinking fund in the instance mentioned where <u>all</u> of the bonds and <u>all</u> of the interest have been <u>fully</u> paid, and said funds may be used for the specific purpose of "the construction, maintenance, and operation of macadamized, graveled or paved roads and turnpikes or in aid thereof as determined by said Commissioners' Court."

In connection with this matter, you referred to Article 839, Vernon's Annotated Civil Statutes, which reads as follows:

> "No city or county treasurer shall honor any draft upon the interest and sinking fund provided for any of the bonds of such city or county, nor pay out nor divert any of the same, except for the purpose of paying the interest on such bonds or for redeeming the same, or for investment in such securities as may be provided by law."

The provisions of this article are applicable only to the expenditure of sinking funds. Under the provisions of H. B. 356, Chapter 116, 48th Legislature (supra), when all of the principal and all of the interest on bonds have been fully paid from a sinking fund, the surplus fund which remains loses its identity as a "sinking fund" and becomes an "available fund", that is a fund in which the money is available for use for the purposes designated in the Act. Consequently, the provisions of Article 839, V. A. C. S., (supra) would not be applicable to said fund.

Since the Act authorizes the use of such surplus funds (funds remaining after all bonds and interest have been paid) for the designated purposes, we can see no necessity for a transfer. As heretofore indicated, instead of said fund retaining its status as a sinking fund, it becomes a fund available for the designated use, and such fund could be known as " _____ Available Fund" instead of " _____ Sinking Fund." You would

Honorable J. C. Hamilton, County Auditor - page 5

Then have a separate fund limited in its use for "the purpose of the construction, maintenance, and operation of macadamized, graveled or paved roads and turnpikes or in aid thereof." The accounting for the expenditures of the money might be a greater problem when said funds, which may be used only for the foregoing purposes, are co-mingled with funds that may not be so restricted as to their use. Since the Road and Bridge Fund may be used for broader purposes than those designated in the Act, we therefore advise that these funds, restricted as to use for the designated purposes, should not be transferred to the Road and Bridge Fund.

With reference to the second instance, that is, where all of the bonds and interest thereon have not been fully paid, yet the combined assets of the sinking fund, which include cash and investments, exceed the amount of bonds and interest yet to be paid from said fund, you are advised that the act specifically provides that all of the interest and all of the bonds must be fully paid, and the surplus which remains after all of the bonds and all of the interest have been fully paid is available for use for the designated purposes.

Therefore, it is the opinion of this department that said funds, in the second instance, cannot be used for any purpose except to pay the interest on outstanding bonds or for redeeming same, or for the investment in securities as provided by law. Until all outstanding bonds and interest thereon are fully paid from the fund, it retains its identity as a "sinking fund", and the county treasurer could not honor a draft against said sinking fund for a transfer or for any purpose except to pay interest on outstanding bonds, or for redeeming same, or for investments in securities as authorized by law (Article 839, V. A. C. S. supra).

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

A. W.

JAE:lw

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN